**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONNA E. BUTTERICK,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 10-6191
(D.C. No. 5:09-CV-00986-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

Donna E. Butterick appeals from the district court's order affirming the

Social Security Commissioner's denial of her application for disability insurance

benefits under the Social Security Act. Ms. Butterick argues on appeal that the

Administrative Law Judge (ALJ) committed reversible error in denying her

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application for benefits because: (1) the ALJ improperly relied upon the testimony of the medical expert who testified at the hearing before the ALJ; and (2) the ALJ failed to comply with Social Security Ruling (SSR) 00-4P, 2000 WL 1898704 (Dec. 4, 2000), when he examined the vocational expert at the hearing. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and having reviewed the ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied," *Cowan v. Astrue*, 552 F.3d 1182, 1184-85 (10th Cir. 2008) (quotation omitted), we affirm.

In support of her first issue, Ms. Butterick argues that this court should reverse the denial of her application for disability insurance benefits and remand this case for the narrow purpose of providing Dr. Bower, the licensed clinical psychologist who testified as a designated "medical expert" at the hearing before the ALJ regarding Ms. Butterick's mental impairments, an opportunity to review and comment on: (1) a complete set of the medical records from Ms. Butterick's treating general practitioner, Dr. Winn; and (2) a letter and certain handwritten notes from Ms. Butterick's licenced professional counselor, Joe Froehle. Ms. Butterick argues that the requested remand is required under the provisions governing testifying medical experts in the Commissioner's "Hearings, Appeals

and Litigation Law Manual" ("HALLEX").[1]  But because she has failed to show any prejudice, we conclude that Ms. Butterick is not entitled to the requested remand.

Although the administrative record contained a portion of Dr. Winn's medical records at the time of the hearing before the ALJ, *see* R., Vol. II at 276-347 (Exhibit 13F), and although Dr. Bower had been provided with an opportunity to review those records prior to the hearing, Ms. Butterick's counsel had submitted additional medical records from Dr. Winn to the ALJ prior to the hearing, *id.* at 479-93, 516-51 (Exhibits 20F, 22F, and 23F).[2]  Ms. Butterick's counsel had also submitted additional records to the ALJ consisting of a letter and certain handwritten notes from Mr. Froehle, the licensed professional counselor that Ms. Butterick was seeing in 2007.  *Id.* at 451, 510-15 (Exhibits 18F and 21F). Ms. Butterick's counsel informed the ALJ about the additional records from Dr. Winn and Mr. Froehle during the hearing, but the ALJ was unable to locate the additional records in the administrative record that existed at that time.

---

[1]  HALLEX is available at http://www.ssa.gov/OP_Home/hallex/hallex.html.

[2]  We note that pages 494 through 509 of Exhibit 20F are duplicates of medical records from Dr. Winn's office that had previously been provided to the ALJ as part of Exhibit 13F.  *See* R., Vol. II at 277-84, 286-89, 291-94.  We also note that Exhibits 15F, 16F, and 17F contain duplicates of medical records from Dr. Winn's office that had previously been provided to the ALJ as part of Exhibit 13F.

*Id.* at 18-23. As a result, the additional records from Dr. Winn and Mr. Froehle were not formally marked as record exhibits at the time of the hearing, and, more importantly, they were never provided to Dr. Bower for her to review as part of her evaluation of the limitations caused by Ms. Butterick's severe depression and anxiety.

As set forth in Ms. Butterick's opening and reply briefs, the latter omission was a violation of the HALLEX provisions that govern testifying medical experts because the applicable provisions required the ALJ to furnish the additional records to Dr. Bower for her to review either before, during, or after the hearing. *See* HALLEX I-2-5-36(A), 1994 WL 637371 ("The ALJ or designee will, before the hearing, furnish the ME with copies of the pertinent medical reports and written lay evidence. If additional medical evidence is received at the hearing, the ALJ will, if possible, provide it to the ME for review before the ME testifies. If this is not possible, the ALJ may proceed with testimony from the ME and then send the ME interrogatories post-hearing to ascertain what impact the new evidence may have on the testimony given in the hearing."); HALLEX I-2-5-38(C), 1994 WL 637373 ("The ALJ must provide the ME with relevant evidence that will assist the ME in providing the opinion. This evidence must include . . . photocopies of the medical evidence from the F section of the modular file . . . ."); HALLEX I-2-6-70(A), 1993 WL 751901 ("When an ALJ determines that the testimony of a Medical Expert . . . is needed at the

-4-

hearing . . ., the ALJ must . . . request that the ME examine any pertinent evidence received between the time the ME completed the case study and the time of the hearing.").

But based on authority from the Fifth Circuit, *see Shave v. Apfel*, 238 F.3d 592, 596-97 (5th Cir. 2001) (holding that only prejudicial violations of HALLEX provisions may entitle a social security claimant to relief), the Commissioner argues that even if the ALJ in this case violated the HALLEX provisions, Ms. Butterick is not entitled to relief because she has not established that she was prejudiced by the ALJ's failure to follow the HALLEX provisions,[3] *see* Aplee. Br. at 17-19. The Commissioner claims there was no prejudice because the additional records from Dr. Winn and Mr. Froehle are not inconsistent with Dr. Bower's opinions regarding Ms. Butterick's mental limitations.

We assume without deciding that we can grant relief for prejudicial violations of the HALLEX provisions, but we refuse to grant any relief in this case because Ms. Butterick has utterly failed to make any effort in her opening or

---

[3] We note that the Ninth Circuit has adopted a much stricter position regarding the HALLEX manual than the Fifth Circuit. Specifically, the Ninth Circuit has held that the HALLEX provisions do not have the force and effect of law because they are simply a part of an internal agency policy manual, and thus alleged violations of the HALLEX provisions are not reviewable in federal court. *See Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000). Because Ms. Butterick has not affirmatively shown that she was prejudiced by the alleged HALLEX violations, however, we do not need to decide in this case whether to adopt the approach of the Ninth Circuit.

reply briefs to formulate or articulate a prejudice showing based on any of the specific details contained in the additional records from Dr. Winn and Mr. Froehle. In fact, Ms. Butterick openly concedes that it is unclear whether the additional records from Dr. Winn would have changed Dr. Bower's opinions regarding Ms. Butterick's mental limitations. *See* Aplt. Reply Br. at 4. As a result, even giving Ms. Butterick the benefit of the Fifth Circuit's approach in *Shave*, she has not made the requisite showing of prejudice to be entitled to relief. In addition, although the Commissioner has gone beyond the HALLEX provisions in his response brief and argued that the ALJ's factual findings regarding Ms. Butterick's mental RFC are based on substantial evidence, *see* Aplee. Br. at 13-17, we do not need to address that issue given that Ms. Butterick is not challenging the ALJ's factual findings regarding her mental RFC in this appeal.

With regard to the second issue raised in this appeal by Ms. Butterick concerning SSR 00-4P, 2000 WL 1898704, we agree with the Commissioner that the ALJ's failure to ask the vocational expert about any conflicts between his testimony and information contained in the Dictionary of Occupational Titles was harmless error. *See* Aplee. Br. at 21-22. Simply put, there were no conflicts to explain.

In addition, we agree with the Commissioner that the ALJ's mistaken designation of the "office helper" job as being a "sedentary" job was merely a typographical error, and it did not create any conflict with the DOT. *Id.* at 21 n.9.

Finally, the ALJ found that Ms. Butterick had the physical RFC to perform a wide range of light exertional work activity and identified a light job that she could perform (i.e., office helper), and Ms. Butterick is not challenging the ALJ's physical RFC findings in this appeal. As a result, the fact that Ms. Butterick turned fifty shortly after the hearing and would therefore apparently be presumptively disabled under the Commissioner's Medical-Vocational Guidelines if limited to sedentary work is beside the point. *See* Aplt. Opening Br. at 14.

The judgment of the district court is **AFFIRMED**. Because Ms. Butterick was permitted to proceed in forma pauperis in the district court and none of the events specified in Fed. R. App. P. 24(a)(3)(A) have occurred, she is not required to seek authorization to proceed in forma pauperis on appeal. Accordingly, her motion for leave to proceed on appeal without prepayment of costs or fees is **DENIED** as unnecessary.

Entered for the Court

Jerome A. Holmes
Circuit Judge